1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD WESLEY BRYAN,

                Petitioner,

v.

PAT GLEBE,

                Respondent.

CASE NO. C14-5147 BHS

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION

13       This matter comes before the Court on the Report and Recommendation ("R&R")

14 of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 15), the

15 Government's objections to the R&R (Dkt. 16), and Petitioner Richard Wesley Bryan's

16 ("Bryan") response to the objections (Dkt. 17).

17       On June 30, 2014, Judge Strombom issued the R&R recommending that the Court

18 deny the Government's motion to dismiss Bryan's petition as a second or successive

19 petition. Dkt. 15. On July 11, 2014, the Government filed objections arguing that Judge

20 Strombom erred as a matter of law. Dkt. 16. On July 22, 2014, Bryan responded. Dkt.

21 17.

22

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, the Government argues that Judge Strombom erred in concluding that Bryan's petition is not a second or successive petition. Dkt. 16. The Court agrees with the Government. "[A] new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001). It is undisputed that Bryan could have raised his current attack on his underlying sentence in his prior petition. Therefore, the Court concludes that Bryan's petition is a second or successive petition.

Bryan, however, argues that the current petition is not a second or successive one because the instruction provided with the form petition explicitly instructed him not to include the current ground for relief in the prior petition. Those instructions provide, in part, as follows: "In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in a different state), you must file a separate petition." Dkt. 17, Exh. 1 at 1. While this instruction conflicts with current, binding case law, the Court is unaware of, and Bryan has failed to cite, any applicable exception to the harsh result of following such an erroneous instruction. Moreover, once a Court determines that a petition is a second or successive petition, the Court "lack[s] jurisdiction to consider the merits of

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, the Government argues that Judge Strombom erred in concluding that Bryan's petition is not a second or successive petition. Dkt. 16. The Court agrees with the Government. "[A] new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001). It is undisputed that Bryan could have raised his current attack on his underlying sentence in his prior petition. Therefore, the Court concludes that Bryan's petition is a second or successive petition.

Bryan, however, argues that the current petition is not a second or successive one because the instruction provided with the form petition explicitly instructed him not to include the current ground for relief in the prior petition. Those instructions provide, in part, as follows: "In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in a different state), you must file a separate petition." Dkt. 17, Exh. 1 at 1. While this instruction conflicts with current, binding case law, the Court is unaware of, and Bryan has failed to cite, any applicable exception to the harsh result of following such an erroneous instruction. Moreover, once a Court determines that a petition is a second or successive petition, the Court "lack[s] jurisdiction to consider the merits of

ORDER - 2

1  [the] petition." *Cooper*, 274 F.3d at 1274.  Therefore, the Court is without jurisdiction in
2  this matter.
3       A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a
4  district court's dismissal of the federal habeas petition only after obtaining a certificate of
5  appealability ("COA") from a district or circuit judge. A certificate of appealability may
6  issue only if a petitioner has made "a substantial showing of the denial of a constitutional
7  right." *See* 28 U.S.C. § 2253(c)(2).  A petitioner satisfies this standard "by demonstrating
8  that jurists of reason could disagree with the district court's resolution of his
9  constitutional claims or that jurists could conclude the issues presented are adequate to
10 deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327
11 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).
12      In this case, the Court concludes that the issues presented are adequate to deserve
13 encouragement to proceed further.  Precluding a prisoner from challenging a possible life
14 sentence because he followed the erroneous instructions on a government provided form
15 is an unjust result.  Although this Court is without jurisdiction to consider Bryan's
16 arguments, the Court encourages Bryan to proceed further with the issues presented.
17 Therefore, the Court grants Bryan a COA.
18      The Court having considered the R&R, the Government's objections, and the
19 remaining record, does hereby find and order as follows:
20      (1)   The Court declines to adopt the R&R;
21      (2)   The Court **GRANTS** the Government's motion to dismiss Bryan's petition
22            for lack of jurisdiction;

ORDER - 3

1      (3)      The Court **GRANTS** Bryan a COA; and

2      (4)      This action is **DISMISSED**.

Dated this 18th day of August, 2014.

                                       BENJAMIN H. SETTLE
                                       United States District Judge