1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD WESLEY BRYAN,

Petitioner,

v.

PAT GLEBE,

Respondent.

CASE NO. C14-5147BHS

ORDER ADOPTING IN PART
AND DECLINING TO ADOPT IN
PART REPORT AND
RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R")

of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 35), and

Petitioner Richard Wesley Bryan's ("Bryan") objections to the R&R (Dkt. 36).

On May 12, 2016, Judge Strombom issued the R&R recommending that the Court

dismiss Bryan's petition as time barred because the statute of limitations has expired and

Bryan was not entitled to equitable tolling.  Dkt. 35.  On May 26, 2016, Bryan filed

objections.  Dkt. 36.

The district judge must determine de novo any part of the magistrate judge's

disposition that has been properly objected to. The district judge may accept, reject, or

1   modify the recommended disposition; receive further evidence; or return the matter to the

2   magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

3          In this case, Bryan contends that Judge Strombom based her decision on an

4   incorrect procedural fact and that the Government should be required to answer the

5   merits of his petition.  Dkt. 36.  With regard to the former issue, the record is unclear as

6   to the date of Bryan's hearing before the Indeterminate Sentence Review Board

7   ("ISRB").  In Bryan's opening brief after remand, he asserts that the hearing was in July

8   2011.  Dkt. 27 at 11.  On the other hand, Bryan has also stated that the hearing was in

9   July 2010.  Dkt. 6 at 15; Dkt. 36-4 at 6.[1]  In relying on the earlier date, Judge Strombom

10  concluded as follows:

11            Mr. Bryan does not explain why he waited almost two years to file his
              personal restraint petitions in state court after his ISRB hearing or another
12            two years after that to file his federal habeas petition. There is no evidence
              that Mr. Bryan was pursuing his rights diligently and that some
13            extraordinary circumstance stood in his way.

14  R&R at 7–8.  Contrary to these conclusions, Bryan argues that the ISRB hearing was in

15  July 2011, he filed his state petition approximately seven months after that hearing, and

16  diligently pursued his rights culminating in this federal petition.  Dkt. 36 at 3.  While

17  Bryan may not ultimately be entitled to equitable tolling, he has shown that additional

18  clarification and analysis is necessary.  Therefore, the Court declines to adopt the R&R as

19  to the equitable tolling issue.

20

21  _____

22        [1] The Court is unable to find any official record of this hearing either in the
    Administrative Record or in the parties' exhibits.

ORDER - 2

1    With regard to Bryan's request that the Government answer the merits of his

2  claims, the Court declines to issue such an order.  The equitable tolling issue should be

3  decided before any analysis on the merits is necessary.  Although the Government has

4  repeatedly declined to address this issue (*see* Dkts. 12, 31), due process only guarantees

5  an opportunity to respond and does not require a party to respond to every issue raised by

6  the other party.

7    Finally, there is no dispute that the statute of limitations under 28 U.S.C. § 2244(d)

8  has expired, and the Court adopts the R&R on that issue.

9    Therefore, the Court having considered the R&R, Bryan's objections, and the

10  remaining record, does hereby find and order as follows:

11    (1)    The R&R is **ADOPTED in part** on the issue of expiration of the statute of

12  limitations;

13    (2)    The Court **DECLINES to adopt** the R&R as to all other issues; and

14    (3)    The petition is referred for further consideration.

15  Dated this 19th day of July, 2016.

16

17
    _____
    BENJAMIN H. SETTLE
18    United States District Judge

19

20

21

22